CHIEF JUSTICE McGRATH,
specially concurring.
¶37 While I concur with the majority decision, the dissent raises valid considerations.
¶38 Initially, in my view it is immaterial in this case whether the photographs in question are pornographic. The District Court’s protective order insulated Olson from criminal prosecution as well as *368 claims of ethical mi sconduct. It is difficult to conclude that Olson was either unlawfully obstructing access to evidence or unlawfully concealing material having potential evidentiary value, as required by M. R. P. C. 3.4(a), when he brought the matter to the attention of the District Court and obtained the order. Moreover, the record does not contain sufficient evidence to conclude Olson misled the District Court. Judge McKittrick testified that he specifically requested not to be told about the facts because he was sitting on the pending case against Olson’s client. Thus, I concur with the majority.
¶39 The dissent is correct, however, that as a general matter, § 45-7-207, MCA, as well as M. R. P. C. 3.4(a), prohibit a criminal defense counsel from concealing contraband and physical evidence of a client’s criminal conduct. This obligation pertains whether or not counsel intends to use the subject evidence at trial. Moreover, neither federal procedures nor ABA criminal justice standards is determinative of the rule in Montana. Unlike the federal system, Montana has a mutual discovery policy; see § 46-15-323, MCA; State, ex rel. Carkulis v. District Court, 229 Mont. 265, 746 P.2d 604 (1987). If the case against Olson’s client had proceeded in state court and if Olson had intended to use the photographs at trial, he would have been required to disclose them.